UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Eerevette Jordan, <br> *aka* Charles Jordan <br> *aka* Charles E. Jordan <br>                       Plaintiff, <br><br> vs. <br><br> Richard Jones, Public Defender; <br> and Jon Ozmint, Director SCDC, <br><br>                       Defendants. | C/A No.  8:07-2017-CMC-BHH <br><br><br><br><br><br><br><br> **Report and Recommendation** |

The Plaintiff, Charles Eerevette Jordan (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Darlington County Detention Center (DCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants the Director of the South Carolina Department of Corrections (SCDC), Jon Ozmint (Defendant Ozmint)[2], and a Public Defender, Richard Jones (Defendant Jones).  Plaintiff claims false imprisonment and seeks monetary damages, as well as sanctions for Defendant Jones and dismissal/expungement of his charges.  The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff indicates he was arrested for Criminal Sexual Conduct (CSC) in September of 2002. Plaintiff was detained at the DCDC for approximately eleven (11) months prior to entering a guilty plea to Lewd Act in August of 2003. Plaintiff states his attorney, Defendant Jones, "tricked" Plaintiff into pleading to this lesser offense. On November 1, 2006, Plaintiff "maxed" out his prison sentence and was transferred back to the DCDC "because of counsel misconduct." Plaintiff states he has been held unlawfully at the DCDC since that time. Plaintiff also feels that the four (4) years he spent at the SCDC amounted to false imprisonment due to an alleged invalid indictment and his attorney's misconduct. Plaintiff wants his charges "expunge and dismissed"[3] and further seeks sanctions against

---

[3] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. § 2254 affords federal review to prisoners in custody pursuant to the judgment of a state court. Prisoners in state custody without a judgment against them may obtain federal review through § 2241. To the extent Plaintiff seeks to have his sentence vacated, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Defendant Jones. Plaintiff does not indicate how Defendant Ozmint is involved in the present case, but requests monetary compensation from the SCDC.

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendants deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender)*; Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff apparently feels that Defendant Jones acted unethically in advising Plaintiff to enter a guilty plea to Lewd Act. However, Defendant Jones' actions in evaluating the case and recommending a plea constitute traditional functions of an attorney. Therefore, Defendant Jones did not act under color or state law and is entitled to summary dismissal.

Plaintiff's Complaint contains no allegations of any personal involvement whatsoever of Defendant Ozmint in the events giving rise to this claim. In order to assert a viable section 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation

of a federal right complained of. *See Graham*, 473 U.S. at 166. As Plaintiff fails to make any such allegations against Defendant Ozmint, this Defendant cannot be liable in his individual capacity.

To the extent Plaintiff seeks to hold Defendant Ozmint liable in his supervisory capacity, his claim must also fail. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint contains no facts regarding Defendant Ozmint which would satisfy the above criteria. Therefore, Defendant Ozmint is not liable in his supervisory capacity and the Complaint against him should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

July 31, 2007                                          s/Bruce Howe Hendricks
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).